# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ALLEN VANPELT, ) | |
| ) | Civil Action No. 7:21cv00139 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MARTY STANLEY, ) | By:  Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Michael Allen VanPelt, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that Defendant Lt. Marty Stanley used excessive force against him and denied him equal protection.[1] Lt. Stanley has moved for summary judgment, arguing that VanPelt failed to exhaust available administrative remedies before filing this action. After reviewing the evidence, the court finds a genuine dispute of material fact on the issue of exhaustion and, therefore, will deny the defendant's motion and refer the matter for an evidentiary hearing.

## I.

VanPelt alleges that on July 28, 2019,[2] he was "violently attacked" by Lt. Stanley because he was "dressed as a woman." (ECF No. 1, at 2.) As relief, VanPelt seeks $500,000 and a "therapist paid for[,] for the rest of [his] life" (ECF No. 21, at 1).

---

[1] VanPelt also named the Southwest Virginia Regional Jail Authority as a defendant. By memorandum opinion and order entered January 26, 2022, the court granted the Jail Authority's motion to dismiss. (*See* ECF Nos. 35 & 36.)

[2] VanPelt alleged that the incident occurred on June 28, 2019, but it appears that was a typographical error because he was not booked in the jail until July 28, 2019. (*See* Aff. of Jeannie Patrick ¶ 4, Aug. 10, 2021 [ECF No. 28-1].)

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). But if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World*

*Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

### III.

The defendant argues that VanPelt failed to exhaust available administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). The court finds a genuine dispute of material fact and, therefore, will deny the defendant's motion for summary judgment.

### A.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). A prisoner must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy, or effective, and even if exhaustion would be futile because those remedies would not provide the relief the inmate seeks. *Davis v. Stanford*, 382 F. Supp. 2d 814, 818 (E.D. Va. 2005).

Ordinarily, an inmate must follow the required procedural steps to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725 & 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he second PLRA amendment made clear that exhaustion is now mandatory."). An inmate's failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar the claim. *Woodford*

*v. Ngo*, 548 U.S. 81, 90 (2006). But the court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, an inmate need only exhaust "available" remedies. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

**B.**

In support of the defendant's motion for summary judgment, Jeannie Patrick, Administrative Lieutenant of the Southwest Virginia Regional Jail Authority ("SWVRJA"), provided an affidavit and the SWVRJA Inmate Handbook ("Handbook") (ECF No. 28-2). The Handbook establishes a multi-step grievance process at SWVRJA facilities.

First, an inmate "must make a good[-]faith attempt to resolve the issue through informal channels by use of a Request Form or Medical Request Form which are located on the Kiosk, where available." (*Id.* at 27.) If an inmate is dissatisfied with the answer to the request form, the inmate may file a grievance "within 7 days of the occurrence." (*Id.*) A grievance may be submitted on the Kiosk. If the Kiosk is not accessible, the inmate may be given a grievance form and after the form is completed, the inmate must place it in the designated area for outgoing mail. The validity of a grievance is reviewed to determine if it meets the definition of a grievance and "if proper informal resolution attempts have been made." (*Id.*) If it is not valid, the grievance will be returned to the inmate within nine days of receipt, stating the reason is it not valid. If it is valid, a written finding is returned to the inmate within nine days of receipt. If the inmate is not satisfied with the response to the grievance, he

may appeal to the Chief of Security, in writing, within seven days of receipt of the grievance response. An appeal to the Chief of Security is the final level of review.

According to Lt. Patrick, all inmates are oriented to the grievance procedures in the Handbook upon booking at any SWVRJA facility. The defendant has submitted an orientation form signed by VanPelt on July 29, 2019, indicating that he had access to the Handbook (*See* ECF No. 28-3.)

## C.

In her affidavit, Lt. Patrick states that she is familiar with the SWVRJA procedures and policies and has access to inmate records kept in the ordinary course of business. Patrick states that she reviewed all the request forms and grievances that VanPelt submitted to the SWVRJA and determined that, although VanPelt "was well aware of the administrative redress program," he "never used it at all, at any time, with respect to the allegations contained in his complaint."[3] (Patrick Aff. ¶ 5.) Specifically, Patrick states that VanPelt "did not submit any – timely or untimely – informal requests . . . regarding an incident which occurred during booking on July 28, 2019," and that there is "no record of [VanPelt] submitting any grievances . . . regarding any incident involving Defendant Stanley, being assaulted by Stanley, or for being dressed as a woman." (*Id.*) Patrick also avers that "nothing in [VanPelt's] inmate or medical file suggests that he was physically or medically unable to use the grievance procedures." (*Id.*)

---

[3] The defendant submits VanPelt's grievance records from July 28, 2019, through July 22, 2021. (*See* ECF No. 31-2, 1–177.) The first complaint noted in the records was on August 24, 2019, and appears to involve hot water not working in VanPelt's cell sink. (*Id.* at 1.)

In response to the defendant's motion for summary judgment, VanPelt submits two unverified statements.[4] (*See* ECF Nos. 30 & 32.) On summary judgment, VanPelt cannot rest on unsupported statements in his responses to create a genuine dispute of fact. *See Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Smith v. Blue Ridge Reg'l Jail Auth.-Lynchburg*, No. 7:17cv00046, 2017 U.S. Dist. LEXIS 211451, at *5 n.5 (W.D. Va. Dec. 22, 2017) ("Plaintiff's brief response to the motion for summary judgment is merely a brief and is not an affidavit or declaration, and thus, it does not constitute admissible evidence.") (citing Fed. R. Civ. P. 56(c)(4)). Because VanPelt's complaint is verified, however, the court may consider it as evidence in support of his claims. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge).

Accordingly, the undisputed evidence before the court establishes that VanPelt was booked into custody on July 28, he was oriented to the Handbook on July 29, the Handbook provides that the first step in filing a grievance is that the inmate "must make a good[-]faith attempt to resolve the issue through informal channels by use of a Request Form or Medical Request Form which are located on the Kiosk, where available" (ECF No. 28-2, at 27), and

---

[4] The court notes that VanPelt was given notice of the motion for summary judgment filed against him and the opportunity to file counter-affidavits or other evidence "contradicting, explaining, or avoiding" the defendant's evidence. (*See* ECF No. 29.)

VanPelt did not file an informal complaint and/or grievance concerning the alleged attack by Lt. Stanley.

Lt. Patrick avers that "[a]ll inmates have access to either paper Request[] Forms or electronic Request[] Forms through the inmate electronic kiosk, or both, regardless of where they are housed in a SWVRJA facility." (Patrick Aff. ¶ 3.) But VanPelt states in his verified complaint that he did not have access to a kiosk, that everything was done on paper, and that he did not know how to obtain the paper forms. (ECF No. 1, at 1.) Although Lt. Patrick states that inmates have access to paper forms, the Handbook does not mention the availability of paper forms or how to obtain them. Instead, it only states that forms are "located on the Kiosk, where available." (ECF No. 28-2, at 27.) Notably, the Handbook does address the availability of paper grievance forms even though no such mention of paper request forms is made. The court finds a genuine dispute of material fact on this issue of whether administrative remedies were available to VanPelt and, therefore, will deny the defendant's motion for summary judgment.

**IV.**

For the reasons stated, the court will deny the defendant's motion for summary judgment and refer this matter to United States Magistrate Judge Pamela Meade Sargent for an evidentiary hearing on the issue of exhaustion.

The clerk is directed to forward a copy of this memorandum opinion and accompanying order to the parties and United States Magistrate Judge Pamela Meade Sargent.

**ENTERED** this 22nd day of February, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE